UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JASON BOUDREAU        :
                      :
    v.                :        C.A. No. 13-577ML
                      :
STEVE LUSSIER, et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff commenced this pro se action under 42 U.S.C. § 1983 on August 6, 2013 and has applied for in forma pauperis ("IFP") status. Plaintiff is currently incarcerated. On May 28, 2013, Plaintiff filed a prior pro se action under 18 U.S.C. § 2250 against four of the five individuals named as Defendants in this case, and Plaintiff was granted IFP status in that pending case. See Boudreau v. Lussier, C.A. No. 13-388S. Both cases arise out of Plaintiff's arrest on June 24, 2011 and relate to the alleged unlawful interception of electronic communications from, and the allegedly unlawful search of, Plaintiff's office computer. Since both actions contain related claims brought against mostly the same parties, the claims in this newly filed action are more properly and efficiently[1] pursued by way of a motion to amend the Complaint in C.A. No. 13-388S to join additional related claims and parties. See Rules 15(a)(2), 18(a) and 20(a)(2), Fed. R. Civ. P.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B) and 28 U.S.C. §§ 1915 and 1915A, I recommend that (1) this Complaint be DISMISSED without prejudice to Plaintiff seeking to pursue

---

[1] If Plaintiff were granted IFP status in this current action, he would be required to pay the full amount of the $400.00 civil case filing fee by installments pursuant to 28 U.S.C. § 1915(b), as well as the full filing fee by installments in Case No. 13-388S.

his claims by way of a motion to amend his pending Complaint in Boudreau v. Lussier, C.A. No. 13-388S; and (2) his Application to Proceed IFP in this action be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 14, 2013